## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Blake Thilkey, being duly sworn, depose and state as follows:

### Affiant Background and Purpose of Application

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of 14 electronic devices—described below and in Attachment A—that are currently in law enforcement's possession and the seizure from those devices of the electronically stored information described in Attachment B.

2. The items to be searched are the following:

    a. A blue Wingtech Mobile smartphone in evidence bag # A5659585 that was unclaimed which was found in the center console of the vehicle;

    b. A black Samsung in evidence bag # A5659584 that was unclaimed which was found in the driver side door pocket;

    c. A Samsung smartphone in evidence bag #5659606 that was unclaimed which was found in the vehicle;

    d. A gray apple iPhone in evidence bag #5659589 belonging to Melissa De La Cruz Ramos-Jarquin which was found on her person;

    e. A blue Motorola smartphone in evidence bag #5659581 belonging to Maria Guadalupe Rosas-Hernadez that was found on the floor of the vehicle and claimed by Rosas-Hernandez;

    f. A black Motorola smartphone in evidence bag #5659517 belonging to Felix Alexander Garcia-Martinez which was found in his hand;

 g. A black Samsung smartphone in evidence bag #5659518 belonging to Felix Alexander Garcia-Martinez which was found in the center console of the vehicle and claimed by Garcia-Martinez;

 h. A purple Motorola smartphone in evidence bag #5659590 belonging to Rocio Rosas-Hernandez which was found on the floor of the middle row of the vehicle;

 i. A white apple iPhone in evidence bag #5659519 belonging to Citlaly Ramos-Lopez which was found on her person;

 j. A black Poco smartphone in evidence bag # 5659520 belonging to Heydy Catteryn Ocampo-Moreno which was found on the person of Luis Miguel-Antunez and claimed by Ocampo-Moreno;

 k. A red apple iPhone evidence bag #5659588 belonging to Luis Miguel-Antunez which was found on his person;

 l. A black apple iPhone in evidence bag # 5659578 belonging to Henry Martinez-Martinez which was found in his hand;

 m. A silver apple iPhone in evidence bag #5659580 belonging to Henry Martinez-Martinez which was found in the vehicle's driver side door pocket;

 n. A white Samsung smartphone in evidence bag #5659579 belonging to Henry Martinez-Martinez which was found in the vehicles center console (collectively, "The Devices")

3. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of seizing electronically stored data, particularly described in Attachment B, that

would provide evidence of human smuggling activities by the users of the Devices, specifically violations of Title 8, United States Code, Sections 1324, alien smuggling, and 1325, illegal entry.

4. I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security, Office of Border Patrol. I have been employed as a U.S. Border Patrol Agent since September 2009. I am currently assigned as a Prosecutions agent, and I work at the Beecher Falls Border Patrol Station in Canaan, Vermont (VT). I received formal training to identify and investigate alien smuggling and narcotics smuggling activities both at the United States Border Patrol Academy in Artesia, New Mexico, from September 2009 to February 2010 and through regular and recurring on-the-job training. In my experience investigating many alien smuggling cases, electronic devices are commonly used to facilitate smuggling events, as they are used for electronic communications to coordinate transportation and guide both the smugglers transporting the aliens and the driver picking up the aliens—whether through global positioning system applications or verbal and/or non-verbal messages relayed over Wi-Fi and/or telecommunications networks.

5. Based on my training and experience, I am aware that individuals working together to commit crimes often use their cellular phones to contact one another, to research related topics, to navigate while driving, and to coordinate meeting locations. These tasks are frequently necessary in the Swanton Sector Area of Responsibility (AOR); given the remote and rural nature of the AOR, arranging meetings at precise times, and navigating to locations unlikely to appear on printed maps often requires the use of cellular devices. Further, I am aware that cellular phones and the cellular network often generate and record data without the phone users' necessarily being aware of or able to delete the data.

6. The information contained within this affidavit is based upon my training and experience, upon my own investigative efforts, and upon investigation by other law enforcement officers with whom I have spoken or whose reports I have reviewed. The following is either known to me personally or has been related to me by persons having direct knowledge of the events described below. It is meant to set forth probable cause to believe that the violations occurred, and it does not include every fact known to law enforcement about the events described below. Unless otherwise specified, the statements described in the following paragraphs are related in sum and substance and are not meant as direct quotations or complete descriptions.

**Probable Cause**

7. On September 15, 2023, at approximately 6:28 A.M., Swanton Sector Border Patrol Dispatch notified Border Patrol Agents (BPAs) of the Beecher Falls Station of several subjects crossing into the United States near the Hydro-Quebec power lines in Norton, VT. This area is a known crossing point for alien smuggling activity. At approximately 7:46 A.M., BPA James Pierce observed an out-of-state plated, gray SUV exit Jackson Road in Norton, VT and turn westbound on VT Route 114 towards the Hydro-Quebec power lines. At approximately 7:49 A.M. hours, Supervisory Border Patrol Agent (SBPA) Matthew Godin observed a gray SUV stop on VT Route 114 where the Hydro-Quebec power lines cross VT Route 114. SBPA Godin observed several subjects exit the brush and load up into the gray SUV. SBPA Godin advised agents that the vehicle was departing the location and heading westbound on VT Route 114.

8. SBPA Benjamin Young who was parked close by, east of the power lines, responded to the area and observed a gray SUV traveling westbound on VT Route 114. No other vehicles passed SBPA Young's location between the time of the report and his observation of the gray

SUV. SBPA Young caught up to the SUV and observed that the vehicle was a gray Honda Pilot bearing New Mexico license plate RPG472. SBPA Young could see several subjects inside the vehicle. Based on the above information, SBPA Young conducted a vehicle stop.

9.  SBPA Young approached the vehicle and identified himself as a BPA. SBPA Young questioned each of the occupants of the vehicle as to their citizenship and right to be or remain in the United States. The driver claimed to be a citizen of Guatemala with Employment Authorization. The front seat passenger claimed to be a citizen of Guatemala illegally present in the US. The remaining occupants (5 females/1 male) all admitted to being citizens of Mexico illegally present in the US. Both the driver's and front seat passenger's clothing were clean and dry. All of the occupants were detained and transported to the Beecher Falls Station for processing.

10. At approximately 2:25 P.M. Supervisory Border Patrol Agent – Intelligence (SBPAI) Matthew Palma and BPAI Salvatore Levatino attempted to interview the driver, Henry Martinez-Martinez at the Border Patrol station using a phone interpretation service. Martinez-Martinez was advised of his rights via a government issued form and signed stating he was willing to make a statement without a lawyer present. Although not verbatim, Matinez-Martinez provided the following information:

   a. Martinez-Martinez was driving the gray Honda Pilot and his brother, Felix Garcia-Martinez, was in the front passenger seat when they picked up 6 people they did not know. Martinez-Martinez received messages on his phone that showed where to pick the people up. He was going to be paid $6,000.00 for picking up the group. He had three cell phones with him and gave Border Patrol limited consent on one of his cell phones and

denied consent on 2 other cell phones. Martinez-Martinez is a citizen of Guatemala and does not have any legal status in the United States.

11. SBPAI Palma and SBPA Young next spoke with Felix Alexander Garcia-Martinez using a phone interpretation service. Garcia-Martinez was advised of his rights via a government form and signed stating he was willing to make a statement without a lawyer present. Although not verbatim Garcia-Martinez provided the following information:

    a. Garcia-Martinez was in the front passenger seat of the gray Honda Pilot when he and his brother, Henry Martinez-Martinez, picked up 6 people they did not know. He knew there were going to be 6 people waiting for them and knew conversations were made through WhatsApp. Garcia-Martinez identified 2 cellphones that were his and gave Border Patrol consent to search them. He is a citizen of Guatemala and does not have any legal status in the United States.

12. Based on my training and experience, I am familiar with the methods frequently employed by human smugglers. One tactic historically employed by human smugglers involves the smuggler's transporting the aliens into the United States from a major metropolitan area (such as Toronto or Montreal) to a location near the United States border with Canada, dropping them off in a largely unmonitored area along the border where they can illegally enter the United States by walking across the border, and having them meet up with a waiting vehicle in the United States. The smuggler with the vehicle will then transport them within the United States in furtherance of their illegal entry.

## Conclusion and Request

13. Based on the foregoing, I submit that the information contained in this affidavit establishes probable cause for the issuance of a search warrant authorizing the examination of the Devices described in Attachment A, and the seizure therefrom of data described in Attachment B. The Devices described in Attachment A were seized as described from the individuals involved in the September 15, 2023 encounter.

14. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Dated at Burlington, in the District of Vermont, this 19th day of October 2023.

*Attested to by reliable electronic means*
Blake Thilkey, Border Patrol Agent
U.S. Border Patrol, Department of Homeland Security

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means, namely a video call.

Hon. Kevin J. Doyle, Magistrate Judge
United States District Court
District of Vermont